UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION



******************************************************************

| | | |
|---|---|---|
| RICHARD KEITH IYOTTE, | * | CIV 09-3022 |
| Plaintiff, | * | |
| | * | ORDER AND OPINION |
| -vs- | * | |
| FATHER JOHN HATCHER, ROBERT DOODY, ST. FRANCIS MISSION, ST. FRANCIS MISSION BOD, KINI RADIO, BISHOP CUPICH, RAPID CITY DIOCESE, ROMAN CATHOLIC CHURCH, ROSEBUD SIOUX TRIBE, | * | |
| Defendants. | * | |

******************************************************************

Plaintiff brought this action apparently contesting his termination from employment. He claims that various individuals and entities acted wrongly and also claims one or more defendants interfered with his access to tribal court. He claims he was wrongly denied unemployment benefits.

Plaintiff filed an application to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1) authorizes district courts to allow civil litigants to commence suit without the prepayment of the filing fee. Section 1915(e)(2)(B)[1] authorizes the district court to dismiss a proceeding wherein the complainant is proceeding *in forma pauperis* if the action is frivolous or fails to state a claim on which relief may be granted.

> Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges . . . the authority to dismiss a claim based on an indisputably meritless legal theory.

---

[1]Prior to the Prison Litigation Reform Act, Pub.L. 104-134, § 804, dismissal was authorized under 28 U.S.C. § 1915(d), which provided: "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and § 1915(d) both counsel dismissal." *Id.*

Plaintiff has failed to set forth any basis for federal jurisdiction. Pursuant to Fed. R. Civ. P. 8(a), plaintiff must set forth the grounds for this court's jurisdiction and a statement of the claim showing that plaintiff is entitled to relief. "Though pro se complaints are to be construed liberally . . .they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). Although he has set forth his claims, he has set forth no arguable basis for federal jurisdiction and has set forth no federal causes of action.

I find that plaintiff has failed to sufficiently set forth a federal claim or otherwise show that federal jurisdiction exists as to his claims. Therefore, his request to proceed pursuant to 28 U.S.C. § 1915 should be denied. Pursuant to Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989), and 128 U.S.C. § 1915(d), this matter should be dismissed.

Now, therefore,

IT IS ORDERED that the application, Doc. 2, to proceed without the prepayment of fees is denied. This matter is dismissed without prejudice to reinstitute plaintiff's claims upon payment of the statutory filing fee.

Dated this 30th day of September, 2009.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY
(SEAL)